# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KEILA MATEO MARTE,**

      **Plaintiff,**

**v.**                                                         Case No:   6:18-cv-596-Orl-37KRS

**GIZMO ORLANDO, INC. and KEVIN BEATTIE,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** REVISED AND AMENDED UNOPPOSED MOTION FOR APPROVAL OF PROPOSED SETTLEMENT AGREEMENT AND ENTRY OF JUDGMENT OF DISMISSAL WITH PREJUDICE (Doc. No. 11)
>
> **FILED:** May 25, 2018

## I. BACKGROUND.

Plaintiff, Keila Mateo Marte, filed a complaint against Defendants, Gizmo Orlando, Inc., and Kevin Beattie, alleging that Defendants failed to pay all of her overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  Doc. No. 1.  In this action, she seeks unpaid overtime wages and liquidated damages for the three years preceding the filing of the complaint.  *Id.* ¶¶ 56, 63.

On May 7, 2018, Plaintiff filed a notice informing the Court that the parties had settled the case.  Doc. No. 6.  On May 16, 2018, the parties filed a motion requesting that the Court approve

the settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Doc. No. 8. I denied that motion because the proposed settlement agreement included several terms that arguably undermined its fairness. Doc. No. 10. Specifically, it (1) did not confine the release of claims to only the claims asserted in the complaint; (2) it included a covenant not to sue that arguably constituted a general release; and, (3) it included a provision whereby Plaintiff agreed not to seek re-employment with Defendant. In addition, I noted that the motion did not adequately explain whether and to what extent Plaintiff was compromising her claims.

The parties were permitted to file a renewed motion for settlement approval and did so on May 25, 2018. Doc. No. 11. The renewed motion attaches a revised settlement agreement, which no longer includes a provision preventing Plaintiff from seeking re-employment with Defendant and no longer includes a covenant not to sue. Doc. No. 11-1. In the settlement agreement, the parties stipulate to the entry of an order dismissing the case with prejudice. The motion is ripe for review.

## I.     APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged

employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1]  If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount.  *See id.* at 351–52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

### III.   ANALYSIS.

#### A.   *Whether Plaintiff Has Compromised Her Claim.*

Under the terms of the revised settlement agreement, Defendants will pay Plaintiff a total of $10,000.00—$5,920 to Plaintiff (representing $2,960 in unpaid wages and $2,960 in liquidated damages) and $4,080 to her attorneys.  Doc. No. 11-1 ¶ 3.

The parties settled this case before Plaintiff filed answers to the Court's FLSA Interrogatories.  Nonetheless, in the motion, they represent that Plaintiff initially claimed to be entitled to $1,024.25 in unpaid overtime wages per year for three years (totaling $3,072.75), plus an equal amount in liquidated damages, for a total of $6,145.50.  Doc. No. 11, at 6.  Because Plaintiff will receive less than $6,145.50, I recommend that the Court find she has compromised her claim within the meaning of *Lynn's Food*.

#### B.   *Whether the Amount Is Fair and Reasonable.*

Because Plaintiff has compromised her claims, the Court must, under *Lynn's Food*, evaluate whether the settlement agreement is fair and reasonable.   The parties agree that this action involves

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

disputed issues, including whether Plaintiff was exempt from the FLSA's overtime requirements, the number of overtime hours Plaintiff worked, Defendant's good faith reliance on legal opinions supporting the conclusion that Plaintiff was exempt from the FLSA's overtime requirements, and whether any FLSA violations were willful. The factual disputes explain the parties' compromise and they believe the settlement is reasonable, given the disputed issues and the risks to both parties of proceeding with litigation. Doc. No. 11, at 4-5. I therefore recommend that the Court find that the amount of the compromise is reasonable. *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

   *C.   Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.*

Because Plaintiff has compromised her FLSA claim, the Court must consider whether the payment to her counsel is reasonable, to ensure that the fees and costs to be paid to her counsel did not improperly influence the amount she agreed to accept. *See Silva*, 307 F. App'x at 351. In this case, Plaintiff's counsel will receive $4,080.00. Doc. No. 11-1 ¶ 3. The parties represent that this amount was negotiated separately from Plaintiff's recovery and without regard to the amount to be paid to Plaintiffs. Doc. No. 11, at 7-8. In the absence of objection, I recommend that the Court find that the amount of attorneys' fees Plaintiff's counsel will receive is reasonable and does not taint the amount Plaintiff agreed to accept for resolution of her FLSA claim. *See Bonetti*, 715 F. Supp. 2d at 1228 ("[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

        D.      *Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement Agreement.*

The Court next must consider whether the release of claims in the revised settlement agreement renders the agreement unreasonable. *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims."). The preamble to the revised settlement agreement states that the parties have entered into the settlement agreement "to resolve all issues and disputes which were part of the pending Civil Action, limited to the claims and allegations Marte has made *or could have made* in the Civil Action." *Id.* at 1 (emphasis added). Other provisions of the revised settlement agreement further address the scope of the claims released.

    Specifically, the release states that:

    In consideration of the promises contained in this Agreement plus other good and sufficient consideration including but not limited to the settlement payments in paragraph 3 of this Agreement . . . , Marte, for herself, her heirs, executors, administrators, representatives, attorneys, successors and assigns, hereby releases Gizmo and Beattie, and any parent, divisions, subsidiary corporations, affiliates, predecessors, successors and assigns and their respective present and former directors, officers, employees, stockholders, agents, representatives, attorneys and accountants, from *all FLSA claims or causes of action whatsoever, known or unknown, including all claims which were alleged or could have been alleged in the Civil Action against Defendants, which arose from the beginning of the world to the date of this Agreement. The claims being released include all claims pertaining to the Fair Labor Standards Act and all claims for attorney's fees*.

Doc. No. 11-1 ¶ 5 (emphasis added).

    The "Settlement Payment Terms" provision of the revised settlement agreement states that:

    In consideration for the dismissal of the Civil Action and in full and final settlement and in satisfaction of *any and all claims Plaintiff has for overtime wages or claims for wages under the FLSA*, *or may have* against Gizmo or Beattie or any other person or party released by the Release in Section 5, *including, but not limited to, any and all claims for overtime wages, liquidated damages, punitive damages and all claims*

>   *for attorneys' fees and costs*, Gizmo will pay Marte and her attorneys payment as follows:"

*Id.* ¶ 3 (emphasis added).

Some judges have found that releases limited to wage claims generally are reasonable  *See Cooper v. Garda CL Se., Inc.*, No. 15-cv-1677-Orl-40KRS, 2015 WL 9244682, at *1 (M.D. Fla. Dec. 18, 2015) (finding reasonable a release of all claims existing prior to the execution of the settlement agreement that relate to the payment of wages and/or overtime for all hours worked, including, but not limited to, claims arising under the FLSA, the Florida Constitution and the Florida Minimum Wage Act).   The presiding District Judge in this case, however, has concluded that, when a plaintiff raised only claims for unpaid overtime under the FLSA, the release of wage claims under the Florida Minimum Wage Act and Florida Constitution made the release "per se unreasonable under *Lynn's Food* because it confer[red] an undeserved benefit upon Defendant without furthering the resolution of any *bona fide* FLSA dispute."  *Colon v. Garda CL Se., Inc.*, No. 6:14-cv-1777-Orl-37KRS, 2015 U.S. Dist. LEXIS 94775, at *3 n. 1 (M.D. Fla. July 21, 2015). He has also found that, because "plaintiffs can only compromise FLSA claims on the basis of a dispute over FLSA provisions, concessions unrelated to the substance of the FLSA claims have no place in FLSA settlements.   Indeed, a plaintiff's FLSA claim—which is intended to remedy a defendant's violation of mandatory law—should not be used as leverage to procure a general release of all possible claims."   *Arguelles v. Noor Baig, Inc.*, 6:16-cv-2024-Orl-37TBS, Doc. No. 19, at 3 (M.D. Fla. Feb. 24, 2017).

Unlike the releases at issue in *Cooper* and *Arguelles*, the release in this case does not require Plaintiff to release all possible claims, or even all possible wage claims.  Instead, the revised settlement agreement limits itself only to FLSA claims.   Thus, it is arguably permissible.  Nonetheless, the release sweeps wider than the claims asserted in Plaintiff's complaint because it

releases Defendants from "all FLSA claims or causes of action whatsoever, known or unknown, including all claims which were alleged or could have been alleged in the Civil Action against Defendants."  Doc. No. 11-1 ¶ 5.  To the extent that Plaintiff has FLSA claims that were not asserted in the complaint (such as minimum wage claims), the parties have not demonstrated that there is a *bona fide* dispute as to such claims and, thus, that they are appropriate for compromise.

Accordingly, if the Court finds that the release and other provisions of the revised settlement agreement undermine the reasonableness of the settlement because the agreement requires Plaintiff to release FLSA claims other than those asserted in the complaint, I recommend that the Court deny the parties' motion for settlement approval.[2]  Alternatively, if the Court finds that this release and other provisions of the revised settlement agreement are sufficiently narrow, then the Court may conclude that the release does not undermine the reasonableness of the settlement and find that the settlement is fair and reasonable.

## IV. RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

A. If the Court finds that the release or other provisions of the revised settlement agreement render the settlement unfair, I respectfully **RECOMMEND** that the Court:

  1. **DENY** the Revised and Amended Unopposed Motion for Approval of Proposed Settlement Agreement and Entry of Judgment of Dismissal With Prejudice (Doc. No. 11); and,

---

[2] I note that the settlement agreement provides that it is void if the Court fails to approve any of its terms.  Doc. No. 11-1 ¶ 7 ("If the Court does not approve of any of the terms, the entire agreement is void.") and ¶ 8 ("This Agreement and the promises and releases contained herein are conditioned on the Court's approval of all terms of this Agreement.").  Thus, the Court may not sever portions of the release.

    2. **DIRECT** counsel to meet to prepare and file a Case Management Report by dates established by the Court.

B. If the Court finds that the release does not render the settlement unfair, I respectfully **RECOMMEND** that the Court:

    1. **FIND** that the revised settlement agreement is a fair and reasonable resolution of a bona fide dispute under the FLSA;

    2. **GRANT** the Revised and Amended Unopposed Motion for Approval of Proposed Settlement Agreement and Entry of Judgment of Dismissal With Prejudice (Doc. No. 11) without reserving jurisdiction to enforce it;

    3. **DISMISS** the case with prejudice; and

    4. **DIRECT** the Clerk of Court to close the file.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 31, 2018.

                                      *Karla R. Spaulding*
                                      KARLA R. SPAULDING
                                      UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy