UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEILA MATEO MARTE,

    Plaintiff,

v.                                                                      Case No. 6:18-cv-596-Orl-37KRS

GIZMO ORLANDO, INC.; and KEVIN
BEATTIE,

    Defendants.
_____

## ORDER

Before the Court is Plaintiff's Revised and Amended Unopposed Motion for Approval of Proposed Settlement Agreement and Entry of Judgment of Dismissal with Prejudice. (Doc. 11 ("**Second Motion**").) This Second Motion was referred to U.S. Magistrate Judge Karla R. Spaulding for a Report and Recommendation ("**R&R**") (Doc. 12), to which Plaintiff objected. (Doc. 13 ("**Objection**")). On de novo review, the Court finds that the Objection is due to be overruled, the R&R is due to be adopted, and the Second Motion is due to be granted.

### I.    BACKGROUND

Plaintiff initiated this action against Defendants, her former employers, alleging they violated the Fair Labor Standards Act ("**FLSA**") by denying her overtime wages. (Doc. 1.) Plaintiff then filed a notice of settlement (Doc. 6), after which the Court directed the parties to move for approval of the settlement agreement under *Lynn's Food Stores, Inc. v. United States ex rel. United States Department of Labor*, 679 F.2d 1350, 1355

-1-

(11th Cir. 1982). (Doc. 7.) The parties did so (*see* Doc. 8 ("**First Motion**")), but Magistrate Judge Spaulding denied the First Motion without prejudice because among other issues, the proposed settlement agreement contained an overly broad release. (*See* Doc. 10; *see also* Doc. 8-1.) The parties then filed the Second Motion, seeking approval of an amended FLSA settlement agreement. (*See* Doc. 11-1 ("**Amended Agreement**").)

Under the terms of the Amended Agreement, Defendants will pay Plaintiff a total of $10,000—$5,920 in settlement of Plaintiff's claims and for liquidated damages ("**Payment**") and $4,080 to her counsel ("**Attorney Fees**"). (*Id.* ¶ 3(a).) The Amended Agreement also addresses the scope of the release of claims. The preamble states that its purpose is "to resolve all issues and disputes which were part of [this action], limited to the claims and allegations [Plaintiff] has made or could have made in [this action]." (Doc. 11-1, p. 1.) The release provision provides:

> In consideration of the promises contained in this Agreement plus other good and sufficient consideration including but not limited to the settlement payments in paragraph 3 of this Agreement, the receipt of which is hereby acknowledged, [Plaintiff], for herself, her heirs, executors, administrators, representatives, attorneys, successors and assigns, hereby releases [Defendants], and any parent, divisions, subsidiary corporations, affiliates, predecessors, successors and assigns and their respective present and former directors, officers, employees, stockholders, agents, representatives, attorneys and accountants, from all FLSA claims or causes of action whatsoever, known or unknown, including all claims which were alleged or could have been alleged in the Civil Action against Defendants, which arose from the beginning of the world to the date of this Agreement. The claims being released include all claims pertaining to The Fair Labor Standards Act and all claims for attorney's fees [("**Release**")]

(*Id.* ¶ 5.) Under the Settlement Payment Terms provision, the Amended Agreement

provides:

> In consideration for the dismissal of [this action], and in full and final settlement and in satisfaction of any and all claims Plaintiff has for overtime wages or claims for wages under the FLSA, or may have against [Defendants] or any other person or party released by the Release in Section 5, including, but not limited to, any and all claims for overtime wages, liquidated damages, punitive damages and all claims for attorneys' fees and costs . . . .

(*Id.* ¶ 3.)

Following the filing of the Amended Agreement, the Court referred the Second Motion to Magistrate Judge Spaulding, who issued the R&R. (*See* Doc. 12.) Plaintiff then objected (Doc. 13), and the matter is now ripe.

## II.  LEGAL STANDARD

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III.  ANALYSIS

In the R&R, Magistrate Judge Spaulding concludes that: (1) Plaintiff has compromised her claim; (2) the Payment is fair and reasonable; and (3) the Attorney Fees were negotiated separately from the Payment. (Doc. 12.) With respect to the Amended

Agreement's Release, Magistrate Judge Spaulding finds that it is "arguably permissible," because it is limited to only FLSA claims. (*Id.* at 6.) Nevertheless, she notes that the Release sweeps broader than the claims Plaintiff asserted in her Complaint because it purports to release Defendants from "known and unknown" claims that Plaintiff "could have alleged in [this action] against Defendants." (*Id.* at 6–7 (quoting Doc. 11-1, ¶ 5).) So Magistrate Judge Spaulding provides two alternative recommendations: (1) if the Court finds that the Release and other provisions in the Amended Agreement undermine the reasonableness of the settlement, deny the Second Motion and direct the parties to file a Case Management Report; but (2) if the Court finds that the Amended Agreement is fair and reasonable, grant the Second Motion and approve the Amended Agreement. (Doc. 12, pp. 7–8.)

Plaintiff objects to Magistrate Judge Spaulding's first recommendation. (Doc. 13, ¶ 7.) Instead, Plaintiff urges the Court to approve the Amended Agreement, representing that she: (1) has no other FLSA claims against Defendants and does not intend to pursue any other FLSA claims against Defendants; (2) wants to resolve her claims against Defendants rather than needlessly engage in further litigation; and (3) considers the Release reasonable. (*Id.* ¶¶ 1, 2, 6.) If the Court does not approve the Amended Agreement, Plaintiff suggests "redlin[ing]" the portion that is unenforceable or permitting the parties yet another opportunity to revise the settlement agreement. (*Id.* ¶¶ 5, 7.)

As for Plaintiff's first suggestion, the Amended Agreement, by its own terms, is an all-or-nothing proposal. (*See* Doc. 11-1, ¶ 7 ("If the Court does not approve any of the

terms, the entire agreement is void.").) Thus, the Court may not sever nor redline any portion of the Release. Nevertheless, the Court agrees with Magistrate Judge Spaulding that the Release is reasonable because it does not require Plaintiff to release all possible claims, or even all possible wage claim. (*See* Doc. 12, p. 6.) This means that the Release does not pose the same risks inherent in pervasive general releases where an employee forfeits the right to pursue an unknown array of potentially meritorious claims. *See, e.g.*, *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350–52 (M.D. Fla. 2010). Indeed, Plaintiff represents she has no claims beyond those already asserted and no interest in pursuing other wage-related claims under the FLSA. (*See* Doc. 13, ¶ 1.) With this, the Court finds that the Release is permissible on this record and does not undermine the fairness of the settlement. Because the Court adopts the R&R's recommendation granting the Second Motion, the Objection is due to be overruled.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objection (Doc. 13) is **OVERRULED**.

2. U.S. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 12) is **ADOPTED, CONFIRMED**, and made a part of this Order.

3. The parties' Revised and Amended Unopposed Motion for Approval of Proposed Settlement Agreement and Entry of Judgement of Dismissal with Prejudice (Doc. 11) is **GRANTED**.

4. The parties' FLSA Settlement Agreement [and] Release (Doc. 11-1) is **APPROVED**.

5. This case is **DISMISSED WITH PREJUDICE**.

6. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 22, 2018.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record